T.C. Summary Opinion 2017-94

UNITED STATES TAX COURT

ROBERT GOLLNICK, JR. AND PIYANUT USTSASAN-GOLLNICK,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18269-16S.                    Filed December 26, 2017.

Robert Gollnick, Jr., pro se.

Jason T. Scott, Michael A. Skeen, and Trent D. Usitalo, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,336 in petitioners' Federal income tax for 2013. Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, they resided in California.

The issue for decision is whether petitioners are entitled to a deduction for various expenses related to Mr. Gollnick's insurance sales and educator activities.[2]

Background[3]

In 2013 Mr. Gollnick was an independent agent of New York Life Insurance Co. (NYL). He drove his own vehicle from home to various locations in California and attempted to sell insurance policies to small businesses, walking door to door. He also attempted to sell insurance to family and friends in New York and Florida.

---

[1](...continued)
Revenue Code, as amended and in effect for 2013, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Ms. Ustsasan-Gollnick did not appear when this case was called for trial.

[3]Some of the facts have been stipulated and are so found.

NYL notified Mr. Gollnick that he was terminated in December 2013 and that he owed the company $1,299 at that time.  It appears that NYL did not issue a Form 1099 or similar record to Mr. Gollnick for 2013.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2013, reporting adjusted gross income of $78,476, including wages paid to Mr. Gollnick by St. Leo University.  On Form 2106-EZ, Unreimbursed Employee Business Expenses, Mr. Gollnick claimed that, while working as an insurance agent and educator, he incurred unreimbursed employee business expenses of $28,014, comprising vehicle expenses, parking fees, tolls and transportation, travel expenses while away from home, meals and entertainment expenses, and other expenses.  Petitioners carried over to Schedule A, Itemized Deductions, the amount reported on Form 2106-EZ, along with "Excess Educator Expenses" of $2,753, claiming a miscellaneous deduction of $30,767 (before the application of section 67(a)).  Petitioners also attached to their return a Schedule C, Profit or Loss From Business, reporting that Mr. Gollnick earned gross income of $481 as an insurance agent in 2013.

The Internal Revenue Service (IRS) examined petitioners' tax return and disallowed the miscellaneous deduction claimed on Schedule A for lack of substantiation of the underlying expenses.  Petitioners subsequently submitted to

the IRS an amended tax return for 2013, eliminating the Schedule A deduction described above, but including a deduction for similar expenses on Schedule C.[4]

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5] Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A deduction is not allowed, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

---

[4]The amended tax return is not part of the record.

[5]Petitioners do not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

When a taxpayer establishes that he paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Section 274(d) prescribes strict substantiation requirements for deductions for expenses related to travel (including meals and lodging), entertainment, and gifts, and with respect to "listed property". Sanford v. Commissioner, 50 T.C. 823, 826-829 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). As relevant here, the term "listed property" includes passenger automobiles. Sec. 280F(d)(4)(A)(i). To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records and documentary evidence which, in combination, are sufficient to establish the amount, date, and business purpose for a covered expenditure or business use of listed property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Moreover, the Court may not use the rule established in Cohan v. Commissioner, 39 F.2d at 543-544, to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

There is no dispute that Mr. Gollnick's activities as an insurance agent and educator during the year in issue constituted trades or businesses within the meaning of section 162. The sole issue for decision is whether Mr. Gollnick has properly substantiated the business expenses in dispute.

I. Vehicle, Travel, Meals and Entertainment Expenses

Mr. Gollnick produced a partial milage log at trial--a document that he had failed to share with the IRS Office of Appeals or respondent's counsel before trial. Because he failed to produce the partial mileage log before trial, and in the light of

unexplained inconsistencies between the log and claims made on petitioners' tax return, the Court gives no weight to the document. In sum, Mr. Gollnick failed to satisfy the heightened substantiation requirements prescribed for vehicle expenses under section 274(d), and it follows that petitioners are not entitled to a deduction for vehicle expenses.

Mr. Gollnick did not maintain a log or a similar record to substantiate or demonstrate the business purpose for travel, meals and entertainment expenses. Many of the expenditures for travel and meals and entertainment appear to be personal expenses. In any event, Mr. Gollnick failed to satisfy the heightened substantiation requirements prescribed for these type of expenses in section 274(d). Consequently, we sustain respondent's disallowance of a deduction for travel, meals and entertainment expenses.

II. Other Expenses

Mr. Gollnick produced copies of numerous receipts in an effort to substantiate expenses for business-related supplies, educational items, parking fees and tolls, cellular phone service, and postage. On close examination, the receipts in question include a mix of business and personal expenses. In some cases, the nature of the expense is not discernable. Nevertheless, applying the rule in Cohan v. Commissioner, 39 F.2d at 543-544, the Court finds that there is sufficient

evidence in the record showing that Mr. Gollnick paid $1,100 for deductible business expenses in 2013.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.